# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, #R02343, <br><br> Plaintiff, <br><br> vs. <br><br> NICK LAMB, <br> GOUNS, <br> KEVIN KINK, <br> A. BLAKE, <br> T. KITTLE, <br> JANE DOE 1, <br> JANE DOE 2, <br> JANE DOE 3, <br> JANE DOE 4, and <br> JOHN DOE 1, <br><br> Defendants. | Case No. 19-cv-00564-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James E. Walker, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts claims for the denial of access to the grievance process, the law library and legal materials, and the courts. (Doc. 8, p. 12). He seeks monetary damages. (*Id.*)

This case is now before the Court for preliminary review of the Amended Complaint[1] pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money

---

[1] Plaintiff filed his Complaint on May 30, 2019, and filed an Amended Complaint on June 13, 2019.

1

damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint: Jane Doe 1, John Doe 1, and Loy failed and/or refused to respond to Plaintiff's grievances. (Doc. 8, pp. 10-11). Grievances he filed about the improperly handling of his grievances were denied by Blake, Kittle, and Kink. (*Id.*). Lamb and Kink concurred in the denials of those grievances. (*Id.*). Kittle removed and/or altered documents in two of his grievances. (*Id.* at 11). Jane Doe 2, who was Jane Doe 1's supervisor, took no action regarding Jane Doe 1's failure to process his grievances. (*Id.* at 10). Law library staff refused to provide copies of grievances and other legal documents needed in connection with the filing of grievances. (*Id.* at 10). Jane Doe 3 refused to supply Plaintiff with a copy of a grievance. Plaintiff filed a grievance about the refusal, Blake denied the grievance, and Lamb concurred in the denial. (*Id.*). On one occasion, Kittle refused to supply Plaintiff with a copy of a grievance during lockdown. (*Id.* at 11).

In June 2017 and January 2019, his repeated requests to access the law library and for copies of legal materials were ignored by library officials, Jane Doe 4, and Kittle. (*Id.*) The denial of access was endorsed by Lamb, Gouns, and Kink. (*Id.*)

Lockdowns, which require Plaintiff to be confined to his cell for 24 hours a day, impede Plaintiff's access to the law library. (*Id.* at 10). He has no access to legal books and legal exchange where his pleadings and exhibits for his litigation are stored. (*Id.*) This practice is endorsed by Lamb and Gouns. (*Id.*)

## Preliminary Dismissals

Plaintiff makes allegations against Loy but did not identify him in the case caption or list of Defendants. Accordingly, any claim Plaintiff intended to bring against Loy is dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

Plaintiff sues Defendants in their individual and official capacities but seeks only monetary damages. When a plaintiff seeks monetary damages against a state official, he must bring the suit against the official in his or her individual capacity. *See Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Therefore, to the extent Plaintiff attempts to bring claims for monetary damages against Defendants in their official capacities, those claims are dismissed with prejudice.

## **Discussion**

Plaintiff asserts that the access he has been given to the grievance process and to the courts is constitutionally inadequate in violation of the First, Fifth, and Fourteenth Amendments. The Court cannot discern, and Plaintiff does not articulate, how the Fifth Amendment applies to the events described in his Amended Complaint. Thus, Plaintiff's claims shall be analyzed under the First and Fourteenth Amendments, and any claim under the Fifth Amendment is dismissed without prejudice.

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide this action into the following Counts:

Count 1: First Amendment claim against Defendants Lamb, Kink, Blake, Kittle, Loy, Jane Doe 1, Jane Doe 2, Jane Doe 3, and John Doe 1 for failing to respond to and/or process Plaintiff's grievances, impeding his ability to file grievances, denying his grievances, and/or concurring in the denial of his grievances.

Count 2: Fourteenth Amendment claim against Defendants Lamb, Kink, Blake, Kittle, Loy, Jane Doe 1, Jane Doe 2, Jane Doe 3, and John Doe 1 for failing to respond to and/or process Plaintiff's grievances, denying his grievances, and/or concurring in the denial of his grievances.

Count 3: First Amendment claim against Defendants Jane Doe 4, Kittle, Lamb, Gouns, and Kink for denying Plaintiff access to the courts by failing to provide plaintiff with access to the law library and his legal documents.

Count 4: First Amendment claim against Defendants Lamb and Gouns because Plaintiff has been denied access to the law library, legal documents, and copies of his grievances during lockdown.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of the Court. The designations do not constitute an opinion

3

regarding their merit. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[2]

*Counts 1 and 2*

Plaintiff alleges the Defendants violated his constitutional rights in the handling of his grievances. But mishandling and denying grievances does not make individuals personally involved in any constitutional violation alleged in the grievance. *See, e.g., Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Further, issues with grievance procedures do not constitute violations of the First or Fourteenth Amendments. Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the due process clause. *Owens*, 635 F.3d at 953–54; *George,* 507 F.3d at 609; *Grieveson v. Anderson,* 538 F.3d 763, 772 & n. 3 (7th Cir.2008); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). "[A]ny right to a grievance procedure is a procedural right, not a substantive one." *Antonelli*, 81 F.3d at 1430. "Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id*.

That said, inmates have the right to petition the government for redress of grievances, which includes access to the courts to present their complaints. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Here, Plaintiff's access to the courts has not been impeded by the alleged actions, as the unavailability of administrative remedies is not a bar to potential litigants bringing their claims. *See*

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Ross v. Blake*, 136 S.Ct. 1850, 1860 (2016) (an inmate's lack of exhaustion may be excused if the administrative remedies process is "unavailable" to a prisoner, such as when prison officials thwart or obstruct the grievance process); *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016) ("exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance").

For these reasons, Defendants' actions or inactions in handling Plaintiff's grievances do not support a constitutional claim under the First or Fourteenth Amendments. Specifically, the following fail to state constitutional violations:

- The claim against Jane Doe 1 and John Doe 1 for failing and/or refusing to respond to his grievances.

- The claim against Blake, Kittle, and Kink for denying grievances about improper handling of his grievances, and against Lamb and Kink for concurring in the denial of those grievances.

- The claim against Jane Doe 2 for taking no action when Jane Doe 1 failed to process his grievances.

- The claim that Kittle interfered with one of his grievances by removing documents.

- The claim against Jane Doe 3 and Kittle for denying him access to the law library, legal documents, and/or copies of his grievances in connection with the filing of grievances.

- The claim against Blake for denying his grievance on Jane Doe 3's refusal to provide him with a copy of a grievance, and against Lamb for concurring in the denial of the grievance.

- The claim against Lamb, Gouns, and Kink for endorsing the denial of access to the law library in connection with the filing of grievances.

Accordingly, Counts 1 and 2 will be dismissed without prejudice.

### *Counts 3 and 4*

Prisoners have a constitutional right under the First Amendment to meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). A prison system is not required, however, to provide

unlimited access to a law library, even for *pro se* litigants. *Martin v. Davies*, 917 F.2d 226, 240 (7th Cir. 1990). "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

Plaintiff's allegation that he was denied access to the law library and copies of legal materials in June 2017 and January 2019 is insufficient to state a claim. Additionally, his general allegation that during lockdowns he has no access to the law library, legal books, and legal exchange is insufficient to state a claim. Plaintiff does not show any missed deadlines in his pending cases. Nor does he allege an actual or potential limitation on his access to the courts.

For these reasons, Defendants' actions or inactions with regard to Plaintiff's access to the law library and legal documents do not support a constitutional claim under the First Amendment. Specifically, the following fail to state constitutional violations:

- The claim against Jane Doe 4 and Kittle for denying him access to the law library and legal documents.

- The claim against Lamb, Gouns, and Kink for endorsing the denial of access to the law library.

- The claim against Lamb and Gouns because Plaintiff has no access to legal books and legal exchange during lockdowns.

Accordingly, Counts 3 and 4 will be dismissed without prejudice.

## Leave to File Second Amended Complaint

Plaintiff has not sufficiently pled any claims to proceed beyond screening. The Court will, however, grant Plaintiff leave to file a Second Amended Complaint. A successful complaint generally

alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). If Plaintiff chooses to pursue his claims, the Second Amended Complaint should identify who violated Plaintiff's constitutional rights by name and should include a description of how Plaintiff's rights were violated. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation but must identify the act(s) or omission(s) of each Doe defendant (*e.g.* John Doe #1 did X and John Doe #2 did Y).

### Disposition

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review, and the Amended Complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **September 16, 2019**. Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claim. Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District for such actions. He should label the form "Second Amended Complaint," and state the case number, 19-cv-00564-NJR. To enable Plaintiff to comply with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. The Second Amended Complaint is subject to review under Section 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was

incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 13, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**