# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-564-NJR |
| NICK LAMB, GOUNS, KINK, BLAKE, JANE DOE #1, JOHN DOE #1, OFFICER LAMB, JOHN DOE #2, OFFICER SCHOON, OFFICER LIVINGSTON, and OFFICER LOY, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James E. Walker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's First Amended Complaint (Doc. 8) was denied for failure to state a claim but the Court allowed Plaintiff leave to file a Second Amended Complaint (Doc. 9). Plaintiff filed his Second Amended Complaint and then, subsequently, the pending motion for leave to file (Doc. 15) an amended complaint, because Plaintiff wanted to identify additional defendants. The Court **GRANTS** that motion (Doc. 15) and **DIRECTS** the Clerk to **FILE** Plaintiff's Third Amended Complaint.[1]

---

[1] To the extent Plaintiff attaches portions of his Amended Complaint which has previously been dismissed by the Court (*See* Third Amended Complaint, pp. 10-13), those original claims are still considered DISMISSED without prejudice as Plaintiff has in essence re-attached his original claims.

1

In the Third Amended Complaint, Plaintiff alleges Defendants failed to properly address his grievances and interfered with his access to the courts. He asserts claims against the defendants under the First and Fourteenth Amendments.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Third Amended Complaint

Plaintiff makes the following allegations in his Third Amended Complaint: Plaintiff submitted a number of grievances that were not properly handled by grievance officials. In December 2016, he submitted two grievances to the counselor box concerning his medicine refills and property. They were addressed to Jane Doe #1, but she did not return them to Plaintiff. He resubmitted the grievances in January 2017, but Jane Doe #1 denied the grievances as untimely. Her failure to properly return and respond to the grievances prevented Plaintiff from properly accessing the grievance process and the court as to those potential claims.

In May 2017, Plaintiff submitted grievances regarding missing property. The grievance was not returned by John Doe #1, which prevented Plaintiff from exhausting his grievances. He informed Lamb, Gouns, Livingston, and Blake about the conduct but they refused to correct the problem. In May 2018, Plaintiff submitted two grievances concerning a disciplinary report and property confiscation to John Doe #2 but he did not return the grievances. In June 2018, he rewrote the grievances and handed them to Lamb who informed Plaintiff that he handed them to counselor

Schoon. He did not receive the grievances back until months later but they were denied as out of time. He informed Lamb, Kink, Gouns, Livingston, and Blake about John Doe #2's actions but they did not remedy the issue.

In August 2018, Plaintiff submitted four grievances regarding damage to his television, medical co-pays, and a defective extension cord. He received some of the grievances back but two were not returned by Defendant Loy. Plaintiff wrote a grievance about Loy's failure to return the grievances and resubmitted the two grievances as exhibits. The grievance and the attached re-submitted grievances were denied. Plaintiff spoke with Loy about his grievances in August and Loy located all four grievances for Plaintiff. Plaintiff alleges that the two grievances were not returned by Loy out of retaliation for the number of grievances that Plaintiff filed against staff. He also wrote a grievance to Kink about the misconduct with his missing grievances but he denied the grievance.

## Discussion

Based on the allegations in the Third Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** Jane Doe #1, John Doe #1, John Doe #2, Lamb, Schoon, Gouns, Livingston, Blake, Kink, and Loy mishandled or improperly responded to his grievances in violation of the First and Fourteenth Amendment.
>
> **Count 2:** Loy retaliated against Plaintiff for filing grievances in violation of the First Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### Count 1

Plaintiff alleges that the defendants violated his constitutional rights in the handling of his grievances. He claims that they denied some grievances and failed to respond to other grievances. He also alleges that the failure to properly handle his grievances interfered with his access to the grievance process and the courts because he could not properly exhaust his claims. The mishandling or denying of grievances by those not personally involved in the underlying constitutional violation does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Further, there is no protected due process right in the grievance process. *Owens*, 635 F.3d at 953-54; *George*, 507 F.3d at 609.

To the extent that Plaintiff alleges Defendants' actions have interfered with his access to the courts, he also fails to state a claim. As the Court has previously pointed out, the unavailability of administrative remedies is not a bar to potential litigants bringing their claims (Doc. 9, p. 4). *See Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016). Thus, Plaintiff fails to allege that any of the defendants' actions hampered his access to the courts. Accordingly, Count 1 is **DISMISSED without prejudice.**

---

[2] This includes Plaintiff's Fifth Amendment claims because he fails to articulate how the Fifth Amendment applies to the events described in his Third Amended Complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 2**

The allegations in the Third Amended Complaint state a viable claim for retaliation against Loy. *Antoine v. Ramos*, 497 F. App'x 631, 633-34 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

**Disposition**

For the reasons stated above, Count 1 is **DISMISSED without prejudice**. Accordingly, Nick Lamb, Gouns, Kink, Blake, Jane Doe #1, John Doe #1, Officer Lamb, John Doe #2, Officer Schoon, and Officer Livingston are **DISMISSED without prejudice** and the Clerk is **DIRECTED** to **TERMINATE** them from the docket. Count 2 shall proceed against Officer Loy.

The Clerk of Court shall prepare for Defendant Officer Loy: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Third Amended Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  12/16/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Third Amended Complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Third Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**