IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES E. WALKER,

        Plaintiff,

v.

WILLIAM LOY, *et al.*,

        Defendants.

Case No. 19-cv-564-NJR

# ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on Plaintiff's motion for leave to file a fifth amended complaint (Doc. 42). Plaintiff also filed a motion to excuse (Doc. 41), noting that he was unable to underline his proposed complaint in accordance with SDIL Local Rule 15.1 because he did not have access to his Fourth Amended Complaint to compare the allegations. Defendants have filed an objection to the motion (Doc. 43), arguing that the proposed amended complaint is not properly underlined making it difficult to determine which claims and allegations are new materials. They also argue that Plaintiff seeks to re-allege claims previously dismissed by the Court. Plaintiff has filed a reply (Doc. 44).

    Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Plaintiff has already filed an Amended Complaint, thus he must now seek to amend his complaint pursuant to Rule 15 (a)(2), which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further states that amendments should be freely granted "when justice so requires. Any new claims are also subject to a review of the merits pursuant to 28 U.S.C.

§ 1915A.

Plaintiff's Fourth Amended Complaint alleged a single count of retaliation against Loy, Jane Doe #1, John Doe #1, and Kittle. Plaintiff's Fifth Amended Complaint alleges that Livingston and Kinks participated in the retaliation by Kittle and fabricated records to make it look like Plaintiff submitted grievances out of time when the grievance office actually held those grievances until they were untimely. Although Plaintiff did not underline his amended complaint, he asks that the Court excuse his failure to underline because he did not have access to his Fourth Amended Complaint to compare the allegations due to a prison lockdown. His proposed amended complaint is short and easy to distinguish the additional allegations against Kinks and Livingston. Thus, the Court **GRANTS** his motion to excuse (Doc. 41). The Court finds that the allegations in the Fifth Amended Complaint state a viable claim for retaliation against Kinks and Livingston. All other alleged claims, including those under the Fifth and Fourteenth Amendments, are **DISMISSED without prejudice**. The Court designates the following single consolidated count:

> **Count 1:** Jane Doe #1, John Doe #1, Kittle, Loy, Livingston, and Kinks retaliated against Plaintiff for filing grievances in violation of the First Amendment.

Accordingly, the Clerk is **DIRECTED** to file Plaintiff's Fifth Amended Complaint and **ADD** Livingston and Kinks to the docket. The Clerk is further **DIRECTED** to **SERVE** them in accordance with the threshold Order (Doc. 19, p. 5). The Court **DENIES as moot** Defendants' request to stay the responsive deadline.

IT IS SO ORDERED.

DATED:   June 9, 2020

_Nancy J. Rosenstengel_
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**