IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER,<br><br>        Plaintiff,<br><br>v.<br><br>KEVIN KINK, TONY KITTLE, LACIE LIVINGSTON, WILLIAM LOY, KATHY MUSGRAVE, and THOMAS STUCK,<br><br>        Defendants. | Case No. 19-cv-564-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      This matter is before the Court on Plaintiff James E. Walker's motion for recruitment of counsel (Doc. 107). Walker indicates that he needs counsel because he needs evidence to respond to the pending motion for summary judgment. He also filed a motion to compel (Doc. 106) seeking video footage from the prison which he argues is necessary in order to adequately respond to the summary judgment motion.

      A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

      In determining whether to recruit counsel, the Court is directed to make a two-

fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

The Court previously found that Walker met his threshold burden of trying to obtain counsel on his own. As to his ability to represent himself, his filings have been well written and easy to understand. Although he seeks counsel in order to obtain discovery, the discovery deadline in this case closed on August 2, 2021. Walker only has to respond to the summary judgment motion. The arguments in the motion are straightforward and simple arguments regarding Walker's retaliation claims. The Court finds Walker capable of responding to the motion on his own. To the extent Walker indicates that he has limited access to paper, pens, and envelopes, he was recently granted an extension of time to respond to the motion. He also recently filed two motions, including this motion and his motion to compel, which demonstrates he has some access to pens and paper. Accordingly, the Court finds that counsel is not needed at this time, and Walker's motion is **DENIED**.

As to Walker's motion to compel (Doc. 106), Walker seeks video surveillance footage of the grievance box from December 21, 2016, through January 12, 2017, May 2, 2017, through May 3, 2017, May 29, 2018, and August 20, 2018, through August 24, 2018 (*Id.* at p. 3). Walker indicates that he sought this information from Defendants on April 6,

2021, but they denied his requests for production. But Walker had plenty of time to bring this issue to the Court before now. Discovery in this case closed on August 2, 2021 (Doc. 60). Walker acknowledges that his requests for production were denied in April 2021. But he did not file a motion to compel after Defendants denied his request nor did he file a motion seeking the information before the close of discovery. He waited until after Defendants filed a motion for summary judgment to seek the discovery from the Court. Walker had plenty of time and opportunity to present the issue to the Court before now. His motion is untimely. Thus, his motion to compel (Doc. 106) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:** November 22, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**